AARON WATSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 6409-70
United States Tax Court
T.C. Memo 1974-63; 1974 Tax Ct. Memo LEXIS 256; 33 T.C.M. (CCH) 307; T.C.M. (RIA) 74063; March 13, 1974, Filed. *256 Petitioner served as a fight trainer to Floyd Patterson, receiving as compensation 7 percent of Patterson's fight proceeds. The proceeds of a fight on September 25, 1962 were impounded by respondent pursuant to a jeopardy assessment against the fight promoters. The proceeds were released in part on December 31, 1962. Petitioner received his share on January 24, 1963 and February 18, 1963. As a condition of employment, petitioner was required to make certain payments from his share of fight proceeds to Patterson's attorney. Held: Petitioner was not in constructive receipt of his share of fight proceeds prior to 1963. He did not have dominion and control over such funds until the date of actual receipt. Held Further: Petitioner is entitled to deduct, under the provisions of section 162, 25 percent of all amounts received by him as his share of proceeds during 1963 and 1964, which were later paid to Patterson's attorney in order for the petitioner to retain his employment. Robert I. Weiswasser, for the petitioner. Harvey Poe, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The Commissioner determined deficiencies and additions to tax in *257 the petitioner's Federal income tax as follows:
ax Year
Deficiency
Sec. 6651(a) (1)
Sec. 6653(a)
Sec. 6654(a) 1963
$29,849.04
$6,949.76
$1,492.45
$712.78
1964
694.59
173.65
34.73
19.44
1966
350.27
0
17.51
0
The petitioner has conceded the taxability of certain income received by him during the years in issue. [1] The first issue we must decide is whether the petitioner constructively received income in the amounts of $21,000 and $11,607.96 prior to 1963 the years in which the foregoing amounts were actually received. The second issue for our determination is whether petitioner made certain business payments during the taxable years 1963 and 1964. [2]
FINDINGS OF FACT Most of *258 the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner Aaron Watson resided at the time of the filing of the petition herein at Brooklyn, New York. Petitioner did not file Federal income tax returns for the taxable years 1963 and 1964. He filed his Federal income tax return for the taxable year 1966 with the district director of internal revenue at Brooklyn, New York. At all relevant times herein petitioner reported his income for the calendar year on the cash basis method of accounting. During the years in issue petitioner was employed as a fight trainer for Floyd Patterson, former heavyweight boxing champion of the world. Petitioner entered into an oral agreement with Patterson providing that he would receive 7 percent of any earnings Patterson received from his fights. During 1963 and 1964 as a condition of employment, petitioner was required to pay 25 percent of his income from Floyd Patterson fights to Patterson's attorney, one Julius November. November performed some legal services for petitioner and, on at least once occasion, loaned him some money. *259 On September 25, 1962, Championship Sports, Inc. (hereinafter Championship Sports) staged a boxing match for the heavyweight championship of the world between Floyd Patterson and Charles "Sonny" Liston. On that date, pursuant to section 6851, [3] respondent terminated the taxable year of Championship Sports and made a jeopardy assessment. Further on September 25, 1962, respondent levied and seized the box office receipts and all the money to be earned through the exploitation of the television, film, and radio rights to the boxing match. The funds that were in excess of Championship Sports' tax liability were not released by the respondent until December 31, 1962, at approximately 4:45 p.m. On January 24, 1963 and February 18, 1963 the petitioner received two checks in the amounts of $21,000 and $11,607.96, respectively from the Edwin Stephen Schweig, Patterson/D'Amato Fund Account, which held funds earned by Floyd Patterson. Petitioner did not have a contract with Championship Sprts but rather dealt solely with Floyd Patterson. Petitioner's taxable year 1962 is presently barred from *260 assessment. Petitioner's formal education terminated at the eighth grade. OPINION The first issue for our determination is whether the petitioner constructively received certain payments totaling $32,607.96 in the year prior to the year at issue. Section 451(a) states that the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer.[4] *261 In respect of a cash-basis taxpayer receipt may be actual or constructive. [5] This is so even though the services were performed in a year earlier than the year of receipt. (C.A. 9, 19635). Since actual receipt of the checks in issue took place in 1963, petitioner seeks to invoke the doctrine of constructive receipt to remove these checks from his gross income for 1963. Constructive receipt is best defined in the applicable regulation: Sec. 1.451-2. Constructive receipt of income. (a) General rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. The taxpayer as well as the respondent may seek to invoke the doctrine of constructive receipt in order to attribute income to a year prior to the year of actual receipt. (C.A. 6, 1971); *262 (C.A. 1, 1948), reversing a Memorandum Opinion of this Court. However, this doctrine is to be applied sparingly. ; . In the case at bar, respondent's jeopardy assessment against Championship Sports caused the proceeds of the September 25, 1962 Patterson-Liston fight to be impounded. A portion of the proceeds, those funds above Championship Sports' potential tax liability, was released on the afternoon of December 31, 1962. Petitioner did not receive his share until January 24, 1963 and February 18, 1963. We hold that petitioner was not in constructive receipt of his share of fight proceeds during 1962. The basis of constructive receipt is unfettered control over the actual date of receipt. . As is apparent from the facts, petitioner had no control over the date when he would receive payment. On the contrary, attorneys for Floyd Patterson were not able to acquire the funds until they were released by the respondent on December 31, 1972.At this point, there was no showing that petitioner's share was set aside for him and made unconditionally *263 available. See (C.A. 5, 1968); , affd. (C.A. 9, 1955). Rather petitioner's funds were comingled with others who were entitled to share in Floyd Patterson's fight proceeds. . The dates petitioner actually received payment do not seem to be unusually long thereafter to be based on anything other than normal administrative functioning. As such, constructive receipt is not applicable. Further, the fact that respondent's jeopardy assessment may have, in part, been responsible for the delay does not alter our decision. Petitioner had no control over the funds. See . The second issue we must decide is whether petitioner made certain payments amounting to 25 percent of his share in fight proceeds to an attorney, and if so, are such payments deductible under the provisions of section 162(a). Petitioner testified at the trial herein that, as a condition of employment, he was required to pay 25 percent to 33-1/2 percent of his share of Floyd Patterson fight proceeds to an attorney of Patterson's, one Julius November. *264 Petitioner's testimony was quite credible, especially in light of the fact that he similarly testified during an investigation of November, some 8 years prior to the trial in the instant case. We therefore hold that for 1963 and 1964, years in which these payments were made, petitioner may deduct 25 percent of the share in fight proceeds he received as ordinary and necessary business expenses within the purview of section 162(a). Decision will be entered under Rule 155. Footnotes
1. Petitioner has conceded that the following payments constitute part of his gross income: ↩ Date
Amount June 25, 1963
$3,500.00
August 13, 1963
3,500.00
September 9, 1963
1,750.00
September 17, 1963
700.00
November 18, 1963
7,000.00
January 13, 1964
3,500.00
February 1, 1964
436.80
January 3, 1966
1,350.00
March 24, 1966
1,235.00
2. The petitioner has not presented any evidence in respect of respondent's imposition of additions to tax under secs. 6651(a) (1), 6653(a), and 6654(a). Therefore we have concluded that such additions are not at issue herein. ↩
3. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
4. SEC. 451. GENERAL RULE FOR TAXABLE YEAR OF INCLUSION. (a) General Rule. - The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period. 5. Sec. 1.446-1(c) (1) (i). Cash receipts and disbursements method. Generally, under the cash receipts and disbursements method in the computation of taxable income, all items which constitute gross income (whether in the form of cash, property, or services) are to be included for the taxable year in which actually or constructively received. ↩